UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Christopher Danusiar, | |
| Plaintiff, | Case No. 21-cv-4681 |
| v. | |
| Auditchain USA, Inc., *et al.*, | Judge John Robert Blakey |
| Defendants. | |

**MEMORANDUM OPINION AND ORDER**

In this diversity case, Plaintiff Christopher Danusiar sues Defendants Auditchain USA, Inc., Matreya.io, LLC, and Jason M. Meyers for breach of a Mutual Release and Settlement Agreement (the Agreement) the parties executed in April of 2021. Plaintiff has moved for summary judgment, [38], and, for the reasons explained below, the Court grants the motion.

I.  **Factual Background & Procedural History**

Plaintiff, a resident of Illinois, previously sued Auditchain USA, Inc. (a Delaware corporation), Matreya.io, LLC (a Delaware limited liability corporation), and Jason M. Meyers (the owner and founder of both companies and a New York resident) in the U.S. District Court for the Southern District of New York, alleging breach of his employment agreement; Defendants countersued, also alleging breach of that agreement. The parties settled that lawsuit and memorialized their settlement agreement in a Mutual Release and Settlement Agreement, which they executed on April 12, 2021. *See* [38-3] at 8–12.

The Agreement provided that, in exchange for Plaintiff's dismissal of the New York suit, Defendants jointly agreed to pay Plaintiff $110,000 over time, with payments of at least $4,000 due the 15th of each month, beginning May 1, 2021 and continuing until paid in full. [38-3] at 8, ¶ 2. Section 6 of the Agreement, entitled "Confession of Judgment," provides that any failure on Defendants' part to make a payment as required constituted "a material breach of this Agreement"; and, in the event of such material breach, "Defendants agree to the confession of judgment" in the amount of the remaining balance due under the Agreement. *Id.* at 9 (§ 6).

Despite this provision, Defendants made just one payment, totaling $4,000, and then failed to pay anything further under the Agreement. *See* [38] ¶¶ 3–4. As a result, Plaintiff filed this lawsuit on September 1, 2021, [1].

Plaintiff now seeks summary judgment in the amount of $106,000 (the balance due under the Agreement), as well as fees and costs, and pre- and post-judgment interest. [38] at 2. Although the Court set a briefing schedule on the motion, *see* [37], Defendants did not respond. The Court advised Defendants that, if they failed to respond, it would rule without the benefit of their input, *see* [41], and, consistent with its prior orders, the Court does so today.

## II. **Applicable Legal Standards**

Summary judgment is proper where there is "no dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute as to any material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty*

*Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party seeking summary judgment has the burden of establishing that there is no genuine dispute as to any material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

In determining whether a genuine issue of material fact exists, this Court must construe all facts and reasonable inferences in the light most favorable to the non-moving party. *King v. Hendricks Cty. Comm'rs*, 954 F.3d 981, 984 (7th Cir. 2020). The non-moving party bears the burden of identifying the evidence creating an issue of fact. *Hutchison v. Fitzgerald Equip. Co., Inc.*, 910 F.3d 1016, 1021–22 (7th Cir. 2018). To satisfy that burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Barnes v. City of Centralia, Illinois*, 943 F.3d 826, 832 (7th Cir. 2019). Thus, a mere "scintilla of evidence" supporting the non-movant's position does not suffice; instead "there must be evidence on which the jury could reasonably find" for the non-moving party." *Anderson*, 477 U.S. at 252.[1]

## III. Discussion & Analysis

Plaintiff seeks summary judgment on his claim for breach of the parties' Agreement. Before turning to the merits of Plaintiff's claim, the Court notes that, in addition to § 6 described above, two other provisions of the parties' Agreement bear on the Court's decision today.

---

[1] Although Defendants failed to respond to Plaintiff's motion, the Court has nonetheless viewed the record through the applicable lens, asking whether it includes facts that would compel the denial of summary judgment in Plaintiff's favor or even support the entry of judgment in Defendants' favor.

First, § 15 of the Agreement provides that "only the Circuit Court of Cook County, Illinois or the Northern District Court of Illinois, Eastern Division will have exclusive jurisdiction over disputes concerning this Agreement, including any enforcement or declaratory judgment proceedings. The Parties agree to the personal jurisdiction of those two courts for the purposes of this Agreement." [38-3] at 11. Section 15 also provides that the Agreement "shall be construed under and be governed in all respects by the laws of the State of New York without giving effect to the conflict-of-law provisions in New York." *Id.* Consistent with this provision, the Court finds that venue is proper here and personal jurisdiction lies as to all Defendants.[2]

Second, § 11 of the parties' Agreement, entitled "Enforcement," provides that, "in the event of any legal proceeding related to or regarding in any way this Agreement, the Parties agree that the prevailing party, as determined by the court, in such legal action or legal proceeding, will be entitled to recover from the other Party all loss, damage, or expense, including without limitation, attorneys' fees, incurred by the prevailing party to enforce this Agreement or to successfully defend against claims from the other Party." *Id.* at 10. This provision supports Plaintiff's claim for fees, costs, and interest, should he prevail on his breach of contract claim.

Mindful of these provisions, the Court turns to the merits of Plaintiff's claim. To prevail on a breach of contract claim under New York law, Plaintiff must prove: (1) the existence of a valid contract; (2) that he performed; (3) that Defendants

---

[2] This Court previously found that subject matter jurisdiction also exists. *See* [20].

4

breached; and (4) that he sustained damages as a result of that breach. *E.g., NewSpin Sports, LLC v. Arrow Elecs., Inc.*, 910 F.3d 293, 304 (7th Cir. 2018) (citing *Terwilliger v. Terwilliger*, 206 F.3d 240, 246 (2d Cir. 2000); *First Inv'rs Corp. v. Liberty Mut. Ins. Co.*, 152 F.3d 162, 168 (2d Cir. 1998)); *Harken Fin. Servs. v. Broadridge Fin. Sols., Inc.*, No. 09 C 4088, 2009 WL 3617536, at *3 (N.D. Ill. Oct. 29, 2009) (citing *Gelfman Int'l Enters. v. Miami Sun Int'l Corp.*, 2009 WL 2242331 (E.D.N.Y. July 27, 2009); *Harsco Corp. v. Segui*, 91 F.3d 337, 348 (2d Cir.1998)).

The current record demonstrates that all of these elements are satisfied, and the Court's analysis remains simple and straightforward:

As to the first element, the parties' Mutual Release and Settlement Agreement constitutes a valid and binding contract. Indeed, Defendants admit that they signed the contract, [25] at 2, 5.

As to the second element, the parties agree that Plaintiff did what he was supposed to do under the Agreement: he dismissed the lawsuit he filed in the Southern District of New York. [25] at 6; [38-3] at 80.

Additionally, Defendants admit that they made one payment in May of 2021 and then failed to make payments in June, July, and August. [1] ¶¶ 19, 20; [25] at 6–7.

Finally, Defendants' failure to make the promised payments damaged Plaintiff. The contract, by its terms, required Defendants to pay Plaintiff $110,000; instead, they paid him $4,000. Plaintiff thus sustained damages in the amount $106,000, and the Court finds that he is entitled to judgment in this amount.

In addition to the $106,000 in damages, consistent with the parties' Agreement, Plaintiff is entitled to recover his fees and costs, as well as pre-judgment interest from June 15, 2021. Indeed, the Court would award pre-judgment interest even in the absence of a contractual agreement, as, under New York law, "prejudgment interest is normally recoverable as a matter of right in an action at law for breach of contract." *Fulcrum Fin. Advisors, Ltd. v. BCI Aircraft Leasing, Inc.*, 354 F. Supp. 2d 817, 829 (N.D. Ill. 2005) (citing *Donovan v. Dairy Farmers of Am.*, 53 F.Supp.2d 194, 197 (N.D.N.Y.1999); *Adams v. Lindblad Travel, Inc.*, 730 F.2d 89, 93 (2d Cir.1984)). Although the contract does not specify an interest rate, New York law (which the parties agreed would govern) instructs the Court to calculate interest "at the rate of nine per centum per annum, except where otherwise provided by statute." *Id.* (quoting N.Y. C.P.L.R. § 5004). At that rate, Plaintiff shall recover pre-judgment interest in the amount of $20,467.62 (9% per annum = $26.14 per day x 783 days).

Plaintiff shall also recover post-judgment interest. *See* 28 U.S.C. § 1961 ("Interest shall be allowed on any money judgment in a civil case recovered in a district court."); N.Y. C.P.L.R. § 5003 ("Every money judgment shall bear interest from the date of its entry. Every order directing the payment of money which has been docketed as a judgment shall bear interest from the date of such docketing.").

## IV. Conclusion

For the reasons explained above, the Court finds that Plaintiff is entitled to summary judgment on his claim for breach of the parties' Agreement. The Court thus grants Plaintiff's motion for summary judgment [38] and directs the Clerk to enter

6

judgment in favor of Plaintiff and against Defendants in the amount $126,869.62. This amount includes $106,000 in damages, $402 in costs, and $20,467.62 in pre-judgment interest. Plaintiff shall also recover his fees and post-judgment interest.

Dated: September 22, 2023　　　　　　　　Entered:

_____
John Robert Blakey
United States District Judge